AO 106 (Rev. 04/10) Application for a Search Warrant          AUTHORIZED AND APPROVED/DATE: /S Bow Bottomly 3/12/2026

# UNITED STATES DISTRICT COURT
## for the
### Western District of Oklahoma



In the Matter of the Search of
*(Briefly describe the property to be searched
or identify the person by name and address)*

THE SEARCH OF ONE CELLULAR TELEPHONE: (1)
A BLACK CLOUD MOBILE STRATUS C8 ANDROID

)
)
)
)
)
)
)

Case No. MJ-26- 132 -STE

FILED

11:04 am, Mar 13, 2026

JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA
By: LDC, Deputy Clerk

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the _____Western_____ District of _____Oklahoma_____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☐ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1),856(a)(1) and 18 U.S.C. §§ 922(g)(1), 924(c)(1)(A)(i) | Distribution of Controlled Substances Illegal Possession of Firearms |

The application is based on these facts:
See Attached Affidavit of DEA Special Agent of Julio Marroquin

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

JULIO MARROQUIN, DEA Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  March 13, 2026

City and state: ~~Oklahoma City, Oklahoma~~
Lawton, OK

_____
*Judge's signature*

SHON T. ERWIN, United States Magistrate Judge
*Printed name and title*

# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

IN THE MATTER OF THE
SEARCH OF ONE CELLULAR
TELEPHONE: (1) A BLACK
CLOUD MOBILE STRATUS C8
ANDROID

FILED

11:04 am, Mar 13, 2026
JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA
By: LDC, Deputy Clerk

Case No. MJ-26-132-STE

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Julio Marroquin, Special Agent with the Drug Enforcement
Administration, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application under Rule 41 of
the Federal Rules of Criminal Procedure for a search warrant authorizing the
examination of property, specifically, the electronic device identified below and
in **Attachment A**, which is currently in law enforcement possession, and the
extraction from the device of electronically stored information described in
**Attachment B**, which constitutes evidence of a violation of 21 U.S.C.
§ 841(a)(1), 18 U.S.C. § 922(g)(1), 18 U.S.C. § 924(c)(1)(A)(i), and 21 U.S.C.
§ 856(a)(1),.

2.      I am a federal law enforcement officer as defined under Federal
Rule of Criminal Procedure 41(a)(2)(C) and am authorized to request this

search warrant because I am a government agent who is engaged in enforcing federal criminal laws and I am within the category of officers authorized by the Attorney General to request such a warrant.

3.      I am a Special Agent with the Drug Enforcement Administration (DEA), currently assigned to the Oklahoma City, Oklahoma District Office. As such, I am an investigative or law enforcement officer within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the United States who is empowered of the United States authorized to conduct investigations of, and to make arrests for, offenses enumerated in 18 U.S.C. § 2516.

4.      I have been involved in investigative matters, including the unlawful importation and distribution of controlled substances in violation of 21 U.S.C. §§ 841(a)(1), 846, and 856(a)(1), and illegal possession of firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(c)(1)(A)(i), I began my career in law enforcement as a Deputy Sheriff for the Hidalgo County Sheriff's Office in May 2020, where I worked for approximately two and a half years investigating criminal violations relating to illegal narcotics. In November 2022, I transferred departments and worked for the Hurst Police Department, where I worked for approximately two years, also investigating criminal violations relating to illegal narcotics. In December 2024, I was hired by DEA and attended a four-month academy in Quantico, Virginia. In December 2025, I was assigned to the DEA Oklahoma City Office, where I remain assigned.

2

5.     As part of my duties as a Special Agent, I investigate criminal violations relating to trafficking in illegal narcotics.  As a result of my training and experience, including information provided by other federal agents with applicable knowledge, I am familiar with the tactics, methods, and techniques used by drug traffickers. I have participated in the execution of multiple search warrants targeting various types of evidence and property. In light of my training and experience, I know the following:

a.     I am aware that drug couriers, and people associated with drug trafficking organizations (DTOs), often use electronic devices, including computers, tablets, cellular phones, and other electronic storage devices, to communicate and execute electronic transactions which can, in turn, create automatic records and documentation of the transactions;

b.     I am aware that it is particularly common for individuals engaged in the sale and distribution of illegal drugs to use electronic devices to track and document financial transactions;

c.     I am aware that individuals engaged in drug trafficking will often maintain more than one cell phone or electronic device, and that they will frequently keep contact information and other evidence of their financial dealings with DTOs on cellular phones, computers, tablets, and other storage devices and that they often

3

keep such electronic devices on or near their person.

d. I am aware that drug traffickers use their cellular phones and other electronic devices to execute financial transactions through banks, financial institutions, and peer-to-peer mobile payment platforms in furtherance of their drug trafficking.

6. The facts set forth in this affidavit are based upon my personal observations, my training and experience, reports provided to me by other law enforcement officers, and statements made by witnesses and other concerned parties. Since this Affidavit is being submitted for the limited purpose of establishing probable cause for the requested warrant, I have not included each and every fact known to me concerning this investigation.

7. I am submitting this Affidavit in support of a search warrant authorizing a search for a black Cloud Mobile Stratus C8 Android; (**Target Cell Phone**). The **Target Cell Phone** is currently stored in secure evidence at the DEA Oklahoma City District Office, located at 901 NE 122nd Street, Oklahoma City, Oklahoma 73114, as further described in **Attachment A**, which is incorporated into this Affidavit by reference. I am submitting this Affidavit in support of a search warrant, which would authorize the forensic examination of the **Target Cell Phone** for the purpose of identifying electronically stored data that is particularly described in **Attachment B**, which constitutes evidence of a violation of 21 U.S.C. § 841(a)(1). The

requested warrant would also authorize the seizure of the items and information specified in **Attachment B.**

8.      Based on my training and experience, and the facts set forth in this Affidavit, there is probable cause to believe that a violation of 21 U.S.C. § 841(a)(1), 18 U.S.C. § 922(g)(1), 18 U.S.C. § 924(c)(1)(A)(i), and 21 U.S.C. § 856(a)(1), have been committed by **Sergio MORALES-RUIZ** and others. There is also probable cause to search the property described in **Attachment A** for evidence, fruits, and instrumentalities of these crimes, as described in **Attachment B.**

9.      This court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. §§ 2711, 2703(a), (b)(1)(A), and (c)(1)(A).  Specifically, the Court is "a district court of the United States. . . that has jurisdiction over the offense being investigated" 18 U.S.C. §2711(3)(A)(i), and "is in . . . a district in which the provider . . . is located or in which the wire or electronic communication, records, or other information are stored." 18 U.S.C. §2711(3)(A)(ii).

10.      Since this Affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me regarding this investigation.  I have set forth only the facts that I believe are necessary to establish probable cause to support the issuance of a search warrant.  The information contained in this Affidavit is based upon my

personal knowledge and observation, my training and experience, conversations with other law enforcement officers and witnesses, and review of documents and records.

## PROBABLE CAUSE

11.    On September 16, 2025, **MORALES-RUIZ** was charged in a three-count indicted in the United States District Court for the Western District of Oklahoma, Case No. CR-25-372-JD.  He was charged in Count 1 with felon in possession of a firearm, in Count 2 with alien in possession of a firearm, and in Count 3 with reentry of removed alien.  The criminal acts were alleged to have occurred on July 16 and 17 of 2025.  This indictment was the result of an investigation by a separate law enforcement agency.

12.    The investigation that resulted in the arrest of **MORALES-RUIZ** began in January of 2026.  The investigation was targeting several suspected drug traffickers in Oklahoma City.

13.    On February 2026, DEA personnel and Oklahoma Highway Patrol (OHP) conducted a surveillance operation prior to a search warrant at 1402 SW 59th Street, apartment #4227, Oklahoma City, Oklahoma, surrounding Sergio **MORALES-RUIZ**.

14.    On February 2, 2026, at approximately 4:48 pm, DEA personnel observed **MORALES-RUIZ** step out of apartment #4227 and get into the driver seat of a blue Ford F-150 bearing Oklahoma License Plate TIZ090. DEA personnel

maintained surveillance of the blue Ford F-150 driven by **MORALES-RUIZ** to the area of Blackwelder Avenue and 51st street. OHP conducted a traffic stop on the blue Ford F-150 in the area of Blackwelder Avenue and 51st Street. The blue Ford F-150 driven by **MORALES-RUIZ**, evaded police until it crashed in the area of 745 51st Street, Oklahoma City, Oklahoma. OHP observed **MORALES-RUIZ** exit the blue Ford F-150 and evade police on foot. OHP later located and arrested **MORALES-RUIZ**.

15.    DEA personnel conducted a search of the blue Ford F-150 and found 127.3 grams of suspected methamphetamine which subsequently tested positive for methamphetamine, 39.4 grams of suspected cocaine which subsequently tested positive for cocaine. In addition, a Smith and Wesson Bodyguard .380, and a black Cloud Mobile Stratus C8 Android (**Target Cell Phone**) were found in the blue Ford F-150.

16.    DEA personnel applied for and received a search warrant for **MORALES-RUIZ**'s residence at 1402 SW 59th Street, apartment #4227, Oklahoma City, Oklahoma. During the search of apartment #4227, in the southwest bedroom, determined to belong to **MORALES-RUIZ**, DEA personnel found 541.8 grams of suspected methamphetamine which subsequently tested positive for methamphetamine, in a black backpack on the bed. DEA personnel also found 4 plastic bags containing 4,073.5 grams of

suspected methamphetamine which tested positive for methamphetamine and were determined to belong to **MORALES-RUIZ.**

17.     On March 3, 2026, **MORALES-RUIZ** was charged in a six-count indicted in the United States District Court for the Western District of Oklahoma, Case No. CR-26-097-HE.   Count 1 charged possession of methamphetamine with intent to distribute; Count 2 charged possession of cocaine with intent to distribute; Count 3 charged felon in possession of a firearm; Count 4 charged possession of a firearm in furtherance of a drug-trafficking crime; Count 5 charged possession of methamphetamine with intent to distribute; and Count 6 charged maintaining a drug-involved premises.  All counts charged the date of the criminal acts as February 2, 2026, and these acts are the same that give rise to the probable cause to search the **Target Cell Phone.**

## AUTHORIZATION REQUEST

18.     The **Target Cell Phone** has remained in law enforcement custody since February 2, 2026, and is currently stored at the DEA Oklahoma City District Office, located at 901 NE 122nd Street, Oklahoma City, Oklahoma 73114. The **Target Cell Phone** has been stored and secured such that their

contents, to the extent material to this investigation, is in substantially the same state as the time the **Target Cell Phone** was seized.

19.    Based on my training and experience, I am aware that individuals involved in trafficking illegal drugs often use cellular phones to maintain contact with other co-conspirators, including suppliers, transporters, distributors, and purchasers of illegal drugs. Such cellular phones and their associated memory cards commonly contain electronically stored information which constitutes evidence, fruits, and instrumentalities of drug-trafficking offenses including, but not limited to, the phone directory and/or contacts list, calendar, text messages, e-mail messages, call logs, photographs, and videos.

20.    Based on my training and experience, I know that individuals involved in trafficking illegal drugs often take and store photographs of controlled substances and the proceeds of drug sales, and usually take and store these photographs using their cellular phones. I also know from my training and experience that evidence of financial transactions conducted in furtherance of drug trafficking will often be found on a suspect's cellular phone.

21.    Based on my training and experience, I know that evidence of drug trafficking, to include motives, operational planning, operational preparation, and other relevant evidence will be found in the criminal's electronic devices including their cellular phones. This evidence often includes location data stored in the internal memory of the cellular telephone, encrypted

communications between co-conspirators, non-encrypted communications between co-conspirators in the form of emails and text messages, and other accounts linked to the criminal and their criminal activity to include social media accounts which can be used in the planning and execution of a crime.

22.     Based on my training and experience, I know that electronic devices, such as the **Target Cell Phone**, can store information for long periods of time, even years.  Similarly, things that have been viewed via the Internet are typically stored for some period of time on the electronic device.  This information can sometimes be recovered months or years later using readily available forensic tools.  This is true even if the user of the electronic device deleted the file.  This is so because when a person "deletes" a file on a computer or electronic device, the data contained in the file does not actually disappear; rather, the data remains on the storage medium until it is overwritten by new data.

23.     Based on my training and experience, those involved in drug trafficking often possess firearms to further their drug trafficking crimes in that firearms provides protection of themselves, their drugs, and money.

24.     The evidence mentioned above indicates **MORALES-RUIZ** has been trafficking in substantial amounts of controlled substances and illegally possessing firearms.  Based on my training and experience and the evidence in this case, including **MORALES-RUIZ** illegally possessing a firearm as far

back as July 16, 2025, I believe **MORALES-RUIZ** has been involved in drug trafficking for many months, if not years, and certainly was drug trafficking as far back as July of 2025. Therefore, I am requesting the timeline for the search warrant to be July 1, 2025, through the date of **MORALES-RUIZ**'s arrest on February 2, 2026.

## CONCLUSION

25.    Based on the above information, there is probable cause to believe that violations of 21 U.S.C. § 841(a)(1), 18 U.S.C. § 922(g)(1), 18 U.S.C. § 924(c)(1)(A)(i), and 21 U.S.C. § 856(a)(1) have occurred, and that evidence, fruits, and instrumentalities of these offenses are located on the **Target Cell Phone**. Therefore, I respectfully request that this Court issue a search warrant for the **Target Cell Phone**, described in **Attachment A**, authorizing the seizure of the items described in **Attachment B**.

26.    Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the **Target Cell Phone** consistent with the warrant. The examination may require law enforcement to employ techniques including, but not limited to, computer-assisted scans of the entire medium, which might expose many parts of the

11

**Target Cell Phone** to human inspection in order to determine whether it is evidence described by the warrant.

27.    Because the warrant seeks only permission to examine devices already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

Respectfully submitted,

Julio Marroquin
Special Agent
Drug Enforcement Administration

Subscribed and sworn to before me on this  13 th day of March 2026.

SHON T. ERWIN
United States Magistrate Judge

12

## ATTACHMENT A

The property to be searched is described as a black Cloud Mobile Stratus C8 Android (**Target Cell Phone**). The **Target Cell Phone** is currently located in secure evidence storage at the DEA Oklahoma City District Office, located at 901 NE 122nd Street, Oklahoma City, Oklahoma 73114. This warrant authorizes the forensic examination of the **Target Cell Phone** for the purpose of identifying the electronically stored information described in **Attachment B**. The **Target Cell Phone** is pictured below.

1.      a black Cloud Mobile Stratus C8 Android:

 

## ATTACHMENT B

1.      All records on the **Target Cell Phone**, described in **Attachment A,** that relate to a violation of 21 U.S.C. § 841(a)(1), 18 U.S.C. § 922(g)(1), 18 U.S.C. § 924(c)(1)(A)(i), and 21 U.S.C. § 856(a)(1) involving **Sergio MORALES-RUIZ**, from July 1, 2025, through February 2, 2026, including, but not limited to:

      a. lists of customers and co-conspirators and related identifying information;

      b. communications and evidence of communications including, but not limited to, call logs, voicemails, text messages, multimedia messages, emails, and messages sent through applications, between the user of the **Target Cell Phone** and customers and co-conspirators;

      c. types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

      d. any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

      e. any information recording **MORALES-RUIZ's** schedule or travel including, but not limited to, location information;

      f. any images or videos involving MORALES-RUIZ, money, drugs, drug ledgers, drug paraphernalia, firearms, vehicles, bedrooms, backpacks, residences, and other individuals believed to be involved in drug trafficking; and

      g. all bank records, checks, credit card bills, account information, and other financial records.

2.      Evidence of user attribution showing who used or owned the **Target Cell Phone** at the time the things described in this warrant were

created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.